IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

MICHAEL BUSHER, an Individual Citizen of Oregon,

    Plaintiff,

v.

REGINALD BERTHIAUME, an Individual Citizen of Florida,

    Defendant.

No. 3:16-cv-01722-HZ

OPINION & ORDER

Richard W. Todd,
TODD & SHANNON, LLP
226 W. Historic Columbia River Highway
Troutdale, Oregon 97060

 Attorneys for Plaintiff

David P. Morrison
Timothy J. Fransen
COSGRAVE VERGEER KESTER LLP
888 SW Fifth Avenue, Suite 500
Portland, Oregon 97204

 Attorneys for Defendant

1 - OPINION & ORDER

HERNÁNDEZ, District Judge:

Defendant Reginald Berthiaume moves to set aside the order of default entered against him on January 20, 2017, pursuant to Federal Rule of Civil Procedure 55(c), alleging lack of proper service as required by Federal Rule of Civil Procedure 4(e). Def.'s Mot. Set Aside Order Default ("Def.'s Mot.") 1-2, ECF 22. I grant the motion.

## BACKGROUND

In 2016, Plaintiff Michael Busher brought an action against Defendant for Breach of Judgment, Defamation (Slander Per Se), and Interference with Business Relationship. Compl. 1, ECF 1. Plaintiff alleges he initially attempted to serve Defendant personally at his residence in Florida. Pl.'s Memo. Opp. Def.'s Mot. ("Pl.'s Opp.") 5, ECF 33. The process server was unable to speak with Defendant and allegedly left a card with the "maid." *Id.* Subsequently, the process server made a few attempts to meet with Defendant, all of which were unsuccessful. *Id.*

The process server then attempted to serve Defendant at Tropical Auto Sales & Rent to Own LLC, dba Tropical Auto Outlet ("Tropical Auto"), his wife's business. Def.'s Mot. 2; Pl.'s Resp. Def.'s Mot. Dismiss Ex. 1, ECF 36. While Defendant had some limited contacts with and briefly served on the board of Tropical Auto's predecessor corporation, he alleges (and plaintiff does not refute) that he has never worked for Tropical Auto. Def.'s Mot. 2; *see also* Pl.'s Opp. 2-3; Def.'s Reply 2-3, ECF 38. According to Defendant, the server approached the manager on duty at the time, the financial manager of Tropical Auto, and asked her to accept service for Defendant. Decl. of Linda Leon ¶ 3, ECF 25. Defendant alleges that the manager explained that Defendant did not work at Tropical Auto and refused to accept service for him. Def.'s Mot. 2. Despite this, the process server left the service papers with the manager, allegedly informing her that "this was only one of the ways they were purporting to serve [D]efendant." *Id.* The process

server later provided Plaintiff with an affidavit of service, alleging that Defendant had been served "c/o Tropical Auto" by delivering the summons and complaint to "Jane Doe as Accountant." Pl.'s Resp. Def.'s Mot. Dismiss Ex. 1.

Subsequently, Plaintiff mailed copies of the summons and complaint both to Defendant's address and the address of Defendant's Florida lawyer. Def.'s Mot. 3; *see also* Decl. of David Shannon ("Shannon Decl.") Ex. A-E, ECF 7. While there is some dispute over whether Defendant's Florida lawyer solicited a waiver of service at this point or Plaintiff sent one unsolicited, it is undisputed that neither Defendant nor his Florida lawyer signed a waiver. *Compare* Def.'s Mot. 3 *with* Pl.'s Opp. 5-6.

On January 17, 2017, Plaintiff filed a motion for entry of default, alleging that Defendant had been served at Tropical Auto. Def.'s Mot. 3; *see also* Shannon Decl. Ex. A, B. The clerk entered the order of default three days later, Order Granting Mot. Default Jan. 20, 2017, ECF 8, and on May 15, 2017, Plaintiff moved for entry of a default judgment, Pl.'s Mot. Default J., ECF 9. That motion is currently pending before this Court.

Around this time Defendant learned that Plaintiff was seeking a default judgment against him, and on June 12, 2017, Defendant retained counsel to set over the default judgment hearing and challenge the order of default against him. Decl. of Timothy J. Fransen ¶ 2, ECF 26; Decl. of Reginald Berthiaume ¶ 4, ECF 23. Defendant's counsel contacted Plaintiff on June 13 and 19, 2017, in regards to lack of service and was told that Plaintiff would provide proof of proper service. *Id.* at ¶ 3. On July 31, 2017, having never received such proof, Defendant moved to set aside the order of default, arguing that he was never served and thus the order of default was void. *Id.* at ¶ 4-6.

## STANDARDS

Federal Rule of Civil Procedure 55(c) provides that a court may set aside an entry of default for "good cause." Fed. R. Civ. P. 55(c). The decision to set aside an entry of default is left to the discretion of the district court. *See O'Connor v. Nevada*, 27 F.3d 357, 364 (9th Cir. 1994). "The court's discretion is especially broad where . . . it is entry of default that is being set aside, rather than a default judgment." *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986).

When considering whether to set aside an order of default, the Ninth Circuit has directed courts to look to the grounds established for vacating a default judgment. *Haw. Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986). The Ninth Circuit also cautions that such "grounds [for vacating a default judgment] are liberally interpreted when used on a motion for relief from an entry of default." *Id.* "Where timely relief is sought from a default . . . and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the [default] so that cases may be decided on their merits." *Schwab v. Bullock's Inc.*, 508 F.2d 353, 355 (9th Cir.1974) (quoting 7 J. Moore, Moore's Federal Practice ¶ 60.19, at 232–33) (internal quotations omitted).

A judgment does not bind a person who has not been made a party by service of process to that litigation. *Yniguez v. Arizona*, 939 F.2d 727, 735 (9th Cir.1991) (citing *Hansberry v. Lee*, 311 U.S. 32, 40 (1940)). A default judgment is, therefore, void where a defendant is not properly served. *Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992). Further, if a default judgment would be rendered void for a lack of service, then a lack of service surely meets the lower standard of 'good cause' required to set aside an order of default. *See I & U Inc. v. Publishers Sols. Int'l*, No. CV130018GAFAJWX, 2014 WL 12665733, at *4 (C.D. Cal. Apr. 21,

2014) ("[I]f a default judgment would be rendered void, a mere entry of default must surely be vacated."); *Quach v. Cross*, No. CV 03-09627GAF, 2004 WL 2862285, at *1 (C.D. Cal. Dec. 3, 2004) (holding that if service was insufficient, either a default judgment or an entry of default would be void).

While the plaintiff usually has the burden of establishing jurisdiction, *see Forsythe v. Overmyer*, 576 F.2d 779, 781 (9th Cir.1978), where a defendant is seeking to set aside an order of default for lack of service, the defendant carries the burden of proving that service did not occur. *See S.E.C. v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1165 (9th Cir. 2007) ("[A] defendant moving to vacate a default judgment based on improper service of process, where the defendant had actual notice of the original proceeding but delayed in bringing the motion until after entry of default judgment, bears the burden of proving that service did not occur."); *see also TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001), *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001) ("As is true with respect to any Rule 60(b) motion and with respect to a defaulting party invoking Rule 55(c), the party seeking to vacate a default judgment bears the burden of demonstrating that these factors favor vacating the judgment.").

## DISCUSSION

Defendant argues that Plaintiff never properly served him under federal, Florida, or Oregon law, and that the default entered against him is therefore void. Under the Federal Rules of Civil Procedure, an individual may be served in a judicial district in the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. Pro. 4(e).

Additionally, service is presumptively adequate if conducted in one of three manners set forth in the Federal Rules themselves:

> (A) delivering a copy of the summons and the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each with an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. Pro. 4(e)(2).

Similarly, under the Florida Rules an individual may be served personally "or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents." Fla. Stat. § 48.031(1)(a) (2017). Florida also allows an individual to be served in two unique ways:

> (a) Substitute service may be made on the spouse of the person to be served at any place in the county, if the cause of action is not an adversary proceeding between the spouse and the person to be served, if the spouse requests such service, and if the spouse and person to be served are residing together in the same dwelling.
> (b) Substitute service may be made on an individual doing business as a sole proprietorship at his or her place of business, during regular business hours, by serving the person in charge of the business at the time of service if two attempts to serve the owner have been made at the place of business.

*Id.* at § 48.031(2).

There are no facts to suggest, and Plaintiff does not argue, that proper service was made under either the Federal Rules or under Florida law. Rather, Plaintiff alleges that Defendant was properly served at Tropical Auto under Oregon Rule of Civil Procedure ("ORCP") 7D(2)(c). Pl.'s Opp. 7. Therefore, the issue presented is whether Defendant maintained "an office for the conduct of business," Or. R. Civ. P. 7D(2)(c), at Tropical Auto when he was allegedly served there.

Under Oregon law, service is proper if (1) the method of service is accomplished in accordance with one of the acceptable methods of service listed in ORCP 7D(2); or (2) the manner of service used satisfies the "reasonable notice" requirement of ORCP 7D(1). *See Baker v. Foy*, 310 Or. 221, 228-29, 797 P.2d 349, 354-55 (1990). One permissible method allowed under Rule 7D(2) is office service:

> If the person to be served maintains an office for the conduct of business, office service may be made by leaving true copies of the summons and the complaint at that office during normal working hours with the person who is apparently in charge.

Or. R. Civ. P. 7D(2)(c). In *Matter of Marriage of Boyd*, 131 Or. App. 194, 198-99, 884 P.2d 556, 559 (1994), the Oregon Court of Appeals outlined two predicates that must exist in order for office service to be adequate: "First, the person physically receiving the summons must have a business duty to insure that the defendant received the summons . . . . Second, the office must be a location where the person to be served conducts a regular occupational activity." Oregon courts have construed this rule narrowly. *Id.* at 199 (finding requirement for office service was not met as occupational activities were not conducted at the office by defendant); *Hoeck v. Schwabe, Williamson & Wyatt*, 149 Or. App. 607, 616, 945 P.2d 534, 540-41 (1997) (finding requirements for office service not met as, *inter alia*, the server made no attempt to serve the defendant at home).

Here, Defendant presents facts sufficient to show that it is likely that Plaintiff's attempted office service does not meet these predicates and thus does not meet the requirements under ORCP 7D(2). Defendant points out that the summons was left with Tropical Auto's financial manager, merely listed as "Jane Doe as Accountant" on the proof of service by the process server. Neither party alleges facts suggesting that Tropical Auto's financial manager owed any business duty to Defendant. Further, neither party alleges facts to suggest that Defendant

7 - OPINION & ORDER

conducts regular occupational activity of any kind at Tropical Auto. Plaintiff spends the majority of his argument discussing Defendant's prior affiliation with Tropical Auto's predecessor corporation. But this discussion misses the mark. It is undisputed that at the time of service, Defendant did not work for Tropical Auto, and certainly did not conduct regular occupational activity at Tropical Auto. *See* Def.'s Mot. 2; Def.'s Reply 2-4. Therefore, Defendant did not "maintain an office for the conduct of business" at Tropical Auto for the purposes of service of process.

Neither Defendant nor Plaintiff discuss whether service was adequate under ORCP 7D(1), and there are no facts to suggest that service would indeed be adequate under this standard. As stated above, ORCP 7D(1) states that "[s]ummons shall be served . . . in any manner reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend." Or. R. Civ. P. 7D(1). The Oregon Court of Appeals has held that "service on a third person may be adequate under ORCP 7 D(1) if the process server has reason to believe that the person with whom the summons and complaint have been left has regular, frequent and predictable contact with the defendant." *Hoeck*, 149 Or. App. at 617; *see Duber v. Zeitler*, 118 Or.App. 597, 601, 848 P.2d 642, rev. den. 316 Or. 527, 854 P.2d 939 (1993) (holding service was adequate when left with wife whom defendant has regular, frequent, and predicable contacts with, and whom process server knew would be visited by defendant in the near future). Courts interpret this standard narrowly, often requiring actual knowledge as to roughly when the person receiving service will next see the defendant. Otherwise, courts find that the process server had no reason to believe service would be sufficient to apprise the defendant of the existence and pendency of the action. *See Levens v. Koser*, 126 Or. App. 399, 403, 869 P.2d 344, 345 (1994)

(service not reasonably calculated when given to mother of defendant when mother's address was listed with the DMV but defendant no longer lived there, noting a lack of follow up questions); *Atterbury v. Wells*, 125 Or. App. 591, 594-95, 866 P.2d 484, 485-86 (1994) (service was not reasonably calculated when service given to adult daughter of defendant without further inquires into her relationship with her father, despite daughter saying she would give it to him).

Here, there is nothing to suggest that the process server had any reason to believe that the financial manager he identified as "Jane Doe" had regular, frequent, and predictable contact with the Defendant. According to Defendant, the financial manager told the process server that Defendant did not work at Tropical Auto and refused to accept service for him. Def.'s Mot. 2. There are no facts alleged that suggest the process server had any knowledge of when Defendant may next come into contact with the financial manager or if he ever had before.

Given the arguments presented by Defendant, I conclude that Defendant has demonstrated good cause for setting aside the default order as it does not appear Plaintiff ever properly served Defendant.

///

///

///

///

///

///

///

///

///

## CONCLUSION

Defendant's motion to set aside the order of default [22] is GRANTED, and the entry of default [8] is VACATED. Plaintiff is ORDERED to file a Response to Defendant's Motion to Dismiss [27] within 14 days of this order.

IT IS SO ORDERED.

Dated this 21 day of November, 2017.

_____
MARCO A. HERNÁNDEZ
United States District Judge